IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>-v-<br><br>**CHIPOTLE MEXICAN GRILL, INC.,**<br><br>Defendant. | Civil Action No._____<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I") to correct unlawful sex-based discrimination and retaliation and to provide appropriate relief to Charging Party Cassandra Jerome, who was adversely affected by such practices. As alleged with greater specificity below, Defendant Chipotle Mexican Grill, Inc. ("Chipotle") subjected Ms. Jerome to a sexually hostile work environment on the basis of sex. The harassment included unwelcome sexual comments and physical touching, including sexual assaults. Chipotle then retaliated against Ms. Jerome after she reported the sexual harassment to Chipotle management by terminating her.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e- 5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the Middle District of Florida, Tampa Division.

**PARTIES**

3. Equal Employment Opportunity Commission ("EEOC") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e- 5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. Chipotle Mexican Grill, Inc. ("Chipotle") is an international restaurant chain that is incorporated in Delaware and authorized to do business in Florida. The restaurant location where discriminatory events occurred is in the International Plaza Food Court in Tampa, Florida.

5. At all times relevant to this litigation, Chipotle has continuously done business in Florida, and has continuously had at least 15 employees.

6. At all times relevant to this litigation, Chipotle has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

7. More than 30 days prior to the institution of this lawsuit, Cassandra Jerome filed a Charge of Discrimination with the EEOC alleging that Chipotle violated Title VII.

8. Prior to filing this lawsuit, the EEOC found reasonable cause to believe that Title VII had been violated when Chipotle subjected Ms. Jerome to sexual harassment and retaliated against her for engaging in protected activity. On November 5, 2019, the EEOC issued a Letter of Determination notifying Chipotle of that finding. The Letter of Determination invited Chipotle to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC and Chipotle had communications in an attempt to conciliate.

10. On May 20, 2020, the EEOC, having been unable to secure an agreement acceptable to the EEOC, issued Chipotle a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### I. General Background

12. Ms. Cassandra Jerome began working for Chipotle at its International Plaza location in November 2017 as a crew person. Ms. Jerome participated in a fast-track management program that rotated her quickly through various positions in the restaurant so that she would become an apprentice manager.

13. Chipotle's management structure is (in ascending order of responsibility): crew person, kitchen manager, service manager, apprentice manager, and general manager. The general manager reports to a Field Leader, also known as a Patch Leader.

14. At the time of her termination, Ms. Jerome was working as the restaurant's service manager. Ms. Jerome was supervised by Apprentice Manager Charissa Serrano ("Serrano") and general manager Allison O'Connor ("O'Connor").

15. During Ms. Jerome's employment with Chipotle, Chipotle employed Lazaro Avila ("Avila") as a kitchen crewperson.

## II. Sexual Harassment

17. During Ms. Jerome's employment with Chipotle, Chipotle subjected Ms. Jerome to a sexually hostile working environment.

18. Specifically, from March 2018 to May 2018, Mr. Avila made repeated sexually charged remarks. Examples of the sexually charged remarks Mr. Avila made to Ms. Jerome include, but are not limited to: "Your breasts are so big" and "I want to sink into your ass." These comments were frequent, occurring approximately two to four times a week.

19. Ms. Jerome rejected Mr. Avila's sexual comments and advances, telling him that they were inappropriate and unappreciated.

20. Mr. Avila's inappropriate workplace behavior escalated to physical touching. He would frequently touch Ms. Jerome's buttocks and rub up against her as he passed by her during work shifts.

21. Beginning in April 2018, Ms. Jerome reported Mr. Avila's sexual comments and physical touching to Chipotle management, including Apprentice Manager Serrano and General Manager O'Connor, at least four times.

22. Additionally, Ms. Serrano made complaints on Ms. Jerome's behalf to Ms. O'Connor.

22. Despite the multiple complaints, Chipotle did not investigate the allegations or take any corrective action against Mr. Avila. The harassment continued.

23. On May 14, 2018, Mr. Avila sexually assaulted Ms. Jerome twice. First, he pushed a large pan up between her legs, hitting her vulva. That same day, Mr. Avila cornered her while she was kneeling by a garbage can, grabbed her hair, and repeatedly thrust his penis towards her face in simulation of a sex act.

24. Ms. Jerome immediately complained to Apprentice Manager Serrano about the assaults. Together Ms. Jerome and Ms. Serrano reported the assaults to Ms. O'Connor, who assured her that appropriate steps would be taken to investigate and resolve her complaint.

25. On or about May 19, 2018, with local management having failed to take any action regarding her complaints of sexual assault, Ms. Jerome informed Ms. O'Connor and Ms. Serrano that she needed to escalate her complaints to the corporate office. Ms. O'Connor told Ms. Serrano that she would forward the complaint to corporate office, but Ms. O'Connor never reported the complaint to human resources or any upper management official.

### III. Chipotle's Termination of Jerome

26. On May 22, 2018, the International Plaza location was audited by a third-party. At the time of the audit, Apprentice Manager Serrano, Kitchen Manager Mario Diaz, and Ms. Jerome as service manager were the managers on duty.

27. The location scored poorly on several portions of the audit, including several repeat food safety issues and failing to have an employee sign that his wellness check was complete.

28. Ms. Jerome was not in charge of food safety nor was she the manager responsible for ensuring that the employee wellness check book was completed at the time of the audit. Chipotle's policy was that the head manager on duty would be held responsible for any wellness check violations. Therefore, Ms. Serrano should have been terminated.

29. Nonetheless, because of Ms. Jerome's complaints of sexual harassment, General Manager O'Connor convinced the field leader that Ms. Jerome should be terminated after the audit.

30. On May 22, 2018, three days after General Manager O'Connor told Ms. Jerome she would forward her sexual harassment complaint to corporate, Ms. Jerome was terminated. Ms. Jerome was the only manager terminated after the audit.

31. As a result of Chipotle's unlawful conduct, Ms. Jerome was harmed and suffered damages.

## STATEMENT OF CLAIMS

32. Paragraphs 12 through 31 are fully incorporated herein.

33. Chipotle engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Jerome to a sexually hostile work environment.

34. Chipotle engaged in unlawful practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Ms. Jerome for engaging in protected activity, namely opposing sexual harassment.

35. The effect of the practices complained of in paragraphs 12 through 31 above has been to affect the terms and conditions of employment for Ms. Jerome, to deprive her of

equal employment opportunities and to adversely affect her status as an employee because of her sex and/or in retaliation against her for engaging in protected activity.

36. The unlawful employment practices complained of in paragraphs 12 through 31 above were intentional and were done with malice or with reckless indifference to Ms. Jerome's federally protected rights.

## **PRAYER FOR RELIEF**

WHEREFORE, the Equal Employment Opportunity Commission respectfully request that this Court:

A. Grant a permanent injunction enjoining Chipotle, its officers, agents, servants, managers, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on sex including, but not limited to, permitting a sexually hostile work environment and/or retaliating against employees who engage in statutorily protected activity in the workplace;

B. Order Chipotle to institute and carry out policies, practices, and programs which provide equal employment opportunities to all employees regardless of sex by eliminating and preventing sexual harassment and eradicating the effects of its past and present unlawful employment practices;

C. Order Chipotle to make Ms. Jerome whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Chipotle's unlawful employment practices including but not limited to reinstatement and/or front pay;

D. Order Chipotle to make Ms. Jerome whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. Order Chipotle to pay Ms. Jerome punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  September 10, 2020   U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, DC 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No. 285676

BEATRIZ ANDRE
Supervisory Trial Attorney
New York Bar No. 4394599

Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Phone: (786) 648-5843
Fax: (305) 808-1835

*s/ Brandi L. Meredith*
BRANDI L. MEREDITH
Trial Counsel
Florida Bar No. 027668
Tampa Field Office
501 East Polk Street, Suite 1000
Tampa, FL 33602
Phone: (813) 202-7930
Brandi.Meredith@eeoc.gov

*Attorneys for the Plaintiff*