IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,                                             Case No: 8:20-cv-2128-JSM-AEP

          Plaintiff,

CASSANDRA JEROME,
          Intervenor

vs.

CHIPOTLE MEXICAN GRILL, INC.,

          Defendant.
_____/

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Chipotle Services, LLC ("Chipotle").[1] EEOC, Jerome, and Chipotle are collectively referred to as the "Parties" throughout this Decree.

### INTRODUCTION

1.    EEOC filed this action on September 10, 2020, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I") to correct unlawful employment practices

---

[1] Chipotle is incorrectly captioned in the complaint. Chipotle Services, LLC employed Jerome, not Chipotle Mexican Grill, Inc.

on the basis of sex and retaliation, and to provide relief to Charging Party Cassandra Jerome. Jerome has intervened in this action.

2. EEOC and Intervenor allege that Chipotle violated Title VII by subjecting Jerome to a sexually hostile work environment while working at Chipotle and that Chipotle unlawfully retaliated against Jerome by terminating her because of her complaints about sexual harassment.

3. Chipotle denies the claims and allegations in the Complaint and denies that it engaged in any unlawful conduct. Chipotle's agreement to enter into this Decree is not an admission of liability.

4. In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns.

## GENERAL PROVISIONS

5. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

6. If one or more of the provisions are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this

Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect.

7. This Decree fully and finally resolves the claims asserted in the Complaints filed by the EEOC and Intervenor in this action styled *EEOC v. Chipotle Mexican Grill, Inc..,* 8:20-cv-02128-T-30AEP in the United States District Court, Middle District of Florida, which arose from EEOC Charge Number 511-2019-01114.

8. The Effective Date of this Decree is the date on which the Court gives final approval to the Decree by entering it on the Court docket after motion and hearing, if required.

9. The Parties acknowledge that this Decree does not resolve any charges of discrimination that may be pending with EEOC against Chipotle. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later be filed against Chipotle in accordance with standard EEOC procedures.

**FINDINGS**

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a. This Court has jurisdiction over the subject matter of this action and the Parties;

    b. This Court will retain jurisdiction for the duration of this Decree;

      c.      No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

      d.      The terms of this Decree are adequate, reasonable, equitable, and just, and the rights of the Parties and the public interest are adequately protected by this Decree; and

      e.      The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, and assigns of Chipotle.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

**DURATION OF THE DECREE**

11.      All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years after the Effective Date, provided, however, that if, at the end of the two year period, any disputes regarding compliance that have been raised under Paragraph 34 below remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

**INJUNCTIVE RELIEF**

12.      Chipotle and its officers, managers, supervisors, employees, agents, successors and assigns shall not engage in harassment on the basis of sex or subject employees to a sexually hostile work environment.

13. Chipotle and its officers, managers, supervisors, employees, agents, successors and assigns shall not retaliate against any person because he or she opposes unlawful harassment or because of the filing of a charge, the giving of testimony or assistance or assisting and/or participating in any manner in any investigation, proceeding or lawsuit as a result of an employment practice in violation of Title VII.

## POLICY REVISION

14. Within sixty (60) days of the Effective Date and for the duration of the Decree, Chipotle will maintain anti-discrimination policies and internal complaint procedures for complaints of discrimination, harassment and retaliation (collectively the "Policies") nationwide that:

   a. Prohibit sexually harassing conduct at Chipotle, including but not limited to, unwanted sexually advances and unwanted sexual touching, and provide example of the prohibited conduct;

   b. Require managers/supervisors to monitor their locations to ensure compliance with company's antidiscrimination policies, and promptly escalate all verbal and written complaints of prohibited harassment or retaliation they receive and/or report prohibited harassment/retaliation they witness to the Respectful Workplace Hotline for investigation;

   c. Provide multiple avenues for employees to make complaints of sexual harassment including to any manager at the employee's store location, appropriate upper management officials, and the confidential Respectful Workplace hotline;

    d. Provide for discipline of managers and supervisors who fail to escalate complaints of harassment and/or retaliation in accordance with the Policies, including up to termination; and

    e. Assure employees that retaliation for reporting harassment will not be tolerated and provide for the appropriate discipline of employees who engage in retaliation.

15. Within sixty (60) days of the Effective Date and for the duration of the Decree, Chipotle will provide for a detailed internal complaint reporting and investigation procedure at its International Plaza (Tampa, FL) location including, that, for any complaints that are protected activity under Title VII:

    i. Chipotle will promptly investigate such complaints;

    ii. Investigations will be conducted by impartial and qualified individuals trained to conduct such investigations, and not by general managers or below located at the International Plaza location;

    iii. Investigations will include appropriate interviews of relevant witnesses and shall not require the complainant to confront or be in the presence of the alleged harasser during an interview; and

    iv. Chipotle will communicate with the complainant regarding the investigation status. Chipotle will provide the complainant with the results of the investigation orally within 5 business days of the

conclusion of the investigation, and in writing if requested by the complaining employee.

16. Within sixty (60) days of the Effective Date, Chipotle shall provide the EEOC with a copy of the Policies described in Paragraph 14 above. EEOC will only review the Policies for compliance with this Consent Decree. Upon receipt, EEOC shall have fourteen (14) days to inform Chipotle of any issues of non-compliance.

17. Within sixty (60) days of the Effective Date, Chipotle will adopt any revised Policies and distribute any revised Policies to all employees to which the revised Policies apply. Chipotle may distribute the Policies electronically. Thereafter, new employees shall be provided copies of the Policies within fifteen (15) days of hire.

## TRAINING

18. Chipotle shall engage a subject matter expert(s) ("SME") to provide training for the Duration of the Decree. True Office Learning will be considered an appropriate SME. The type of training to be provided to each employee is defined below.

19. **Crew members at International Plaza (Tampa, FL):** In addition to the electronic distribution of policies to every crew member and newly hired employees, on an annual basis, the General Manager of the International Plaza restaurant will conduct three (3) in-person meetings--one on each shift (morning, afternoon, and evening)--in which he or she will reference and explain Chipotle's sexual harassment policy and reporting procedures.

20. **Management Training:** Chipotle shall provide interactive training on an annual basis for human resources, management, and supervisory personnel (including Field Leaders, General Managers, Kitchen Managers, Service Managers, and Apprentices [the "Restaurant Manager(s)"]) who have responsibility over the International Plaza (Tampa, FL) location. The first training shall take place within ninety (90) calendar days of the Effective Date for existing managers (if the training has not already occurred in 2021). The training shall include the following topics:

   a. Respectful workplace training, designed to educate employees about the conduct that is unacceptable in the workplace, including behavior that may not yet rise to the level of actionable unlawful harassment but could lead to claims and/or is deemed inappropriate;

   b. How to recognize discrimination and harassment;

   c. How to take preventative and corrective measures against harassment and discrimination;

   d. Instruction on employee's rights and responsibilities under Title VII, including Title VII's prohibition against sexual/sex-based harassment and retaliation, and Chipotle's policies and procedures for reporting and handling complaints of sexual/sex-based harassment or retaliation;

   e. Managers/supervisors' responsibilities under Chipotle's policies, including what conduct is inappropriate and required to be escalated under Chipotle's policy, and Title VII; and

   f. How to prevent retaliation.

21. Any Restaurant Manager promoted during the duration of the Decree shall view a recorded version of management training described above within ninety (90) days of promotion.

22. **Investigator Training:** Restaurant People Experience Partners whom Chipotle has designated to conduct sex discrimination and harassment investigations have or will receive specialized interactive training on how to conduct and document investigations. Such training shall include: the legal framework for sex harassment and discrimination claims under Title VII; best practices for the use of various fact-finding techniques including interviewing; how to make credibility assessments; dealing with difficult witnesses and subject matter; working with vulnerable parties and traumatic subjects; and report writing.

23. Chipotle agrees that EEOC, at its discretion and with notice to Chipotle, may attend any non-recorded session of the Restaurant Manager and investigator trainings. If the training session is not recorded, Chipotle will provide the EEOC with at least seven (7) day notice of the time, date, and location of the Restaurant Manager and investigator trainings provided under the Decree. EEOC may view any recorded meetings and/or training sessions or any online training videos or materials required by this Consent Decree upon request.

## MONETARY RELIEF

24. Chipotle paid monetary relief in the amount of $70,000 to Jerome of which $8,400 is back pay and the remainder is other damages. Chipotle will issue a W-2 to Jerome for the amount of back pay and an I.R.S. Form 1099 to Jerome for the

remainder. Chipotle will make all applicable withholdings from the back pay award for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"). Defendant will be responsible for paying the employer's share of any costs, taxes, or Social Security required by law to be paid. Defendant will issue a W-2 statement for the back pay award and will issue withholding statements detailing all legal withholdings made at the time the checks are issued. Defendant shall send all checks and documents referenced in this paragraph to Cassandra Jerome care of Whittel & Melton, LLC, 11020 Northcliffe Blvd., Spring Hill, FL 34608.

25.   EEOC has received copies of the checks issued to confirm that payment has been made.  If Chipotle fails to tender the payment described in Paragraph 24 above, then Chipotle shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 662l(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay.

## NEUTRAL JOB REFERENCE

26.   Chipotle directs its employees to refer job reference inquiries to "InVerify," a third-party vendor for verifications, who will provide a neutral job reference for Jerome. Jerome may also direct such inquiries to "InVerify" online or by calling this vendor at 1-866-295-7363, using Chipotle's company code (114200) and using the employee's SSN. In response to such inquiries to InVerify, Chipotle shall not disclose any information about, or make reference to, Ms. Jerome's charge of

discrimination or internal complaints of harassment, discrimination, or retaliation or this lawsuit.

## NOTICE

27.     Within thirty (30) days after the Effective Date, Chipotle shall post for the duration of this Decree, in the place where other notices to employees and/or applicants are customarily posted at the International Plaza (Tampa, FL) location, the notice attached as Exhibit A. The notice shall be the same typeface and style as Exhibit A and at minimum 8.5" x 11". The notice shall remain posted throughout the duration of the Decree and shall be replaced if it is removed or becomes defaced. Chipotle shall certify to EEOC in writing within fourteen (14) days that the Notice has been posted.

## MONITORING AND REPORTING

28.     Chipotle shall establish a record-keeping procedure for the International Plaza (Tampa, FL) location that provides for the tracking at the corporate office of discrimination, harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation for those complaints that are made or escalated to the Respectful Workplace Hotline. The aforementioned records to be maintained shall include:

  a. An electronic database that records, at minimum, the date of a complaint; the identities of each individual accused of harassment, discrimination, or retaliation; a summary of the complaint; and the outcome of any investigation;

    b. All material documents generated in connection with any complaint of sex harassment or sex discrimination or retaliation, including but not limited to the complaint, investigator notes, interview notes, and other documents related to the investigation or resolution of the complaint; and

    c. All material documents generated in connection with the monitoring, counseling and/or disciplining employees that Chipotle determines have engaged in behavior in violation of the Policies described above.

29.    In addition to any notices required by prior paragraphs, Chipotle shall provide annual reports to the EEOC in writing with the first due 12 months following the Effective date of the decree and the second due 30 days before the expiration of the Decree. Each report shall include:

    a. A statement confirming that all required meetings and trainings under this decree have been completed, including the dates of any trainings held, rosters (including name and job title) of employees who attended/completed each training, and the percentage of crew members, management personnel, and investigators who completed the training;

    b. Copies of all written or visual materials provided to the participants of in training session(s) described in paragraphs 19-22 above;

    c. Certification that the notice required by Paragraph 27 remains posted; and

    d. A description of all Chipotle's sex-based harassment/discrimination and retaliation complaints that constitute protected activity under Title VII at

the International Plaza location made or escalated to the Respectful Workplace Hotline that were made, investigated or resolved in the reporting period, including the names of the complainants, the nature of the complaint, the names of the alleged perpetrators, the date(s) of the complaint, a summary of how the complaint was resolved, and the identity of the Chipotle employee who investigated and/or resolved each complaint.

30. EEOC may review compliance of this Decree at any time. It may request documents, including non-privileged documents from the electronic database described above, from Chipotle and/or conduct interviews of Chipotle employees. Chipotle shall provide any requested documents within fourteen (14) days and assist in the scheduling of interviews in a timely manner.

31. All reports and notices required under this Decree shall be sent electronically to the attention of EEOC Regional Attorney Robert Weisberg and Trial Attorney Brandi Meredith at mdoconsentdecreecompliance@eeoc.gov with copy to Brandi.Meredith@eeoc.gov.

32. Nothing contained in this Decree shall be construed to limit any legal obligation Chipotle may otherwise have to maintain records, including under Title VII and its record-keeping regulations.

## NOTIFICATION OF SUCCESSORS

33. Chipotle shall provide prior written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchasers, successors, assigns,

subsidiaries, affiliates or other corporation, entity or division with which Chipotle may merge or consolidate. All such entities shall be bound by this Decree.

**DISPUTE RESOLUTION**

34. In the event that any party believes that another party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fourteen (14) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has, in fact, complied.  Notice to Chipotle shall be by email delivered to Chipotle's outside counsel, Elizabeth Bulat Turner with Martenson, Hasbrouck & Simon, LLP, at bturner@martensonlaw.com, specifying the provision or provisions of this Decree with which Chipotle has allegedly failed to comply.  This time period may be extended by the parties by written agreement. If the alleged non-complying party has not remedied the alleged non-compliance or reasonably satisfied the complaining party that it has complied within fourteen (14) calendar days (or such time period as otherwise agreed), the complaining party may apply to the Court for appropriate relief.

**COSTS**

35. Each Party to this Decree shall bear its own costs associated with this Action. However, in the event EEOC successfully seeks enforcement of the Decree, and a Court determines Chipotle violated a material term of the Agreement, Chipotle shall bear the costs of the enforcement action.

IT IS SO ORDERED in Tampa, Florida on August 9, 2021.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


AGREED TO:
FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____     Date: _____

ROBERT E. WEISBERG
Regional Attorney
U.S. EEOC
Miami District Office
100 S.E. 2nd Street,
Suite 1500
Miami, Florida 33131
Tel: 305-808-1789


FOR DEFENDANT CHIPOTLE MEXICAN GRILL, INC.:

By:_____     Date:

15

EXHIBIT A

# NOTICE TO ALL CHIPOTLE EMPLOYEES

This notice is posted pursuant to a Consent Decree entered by the U.S. District Court in *EEOC v. Chipotle Mexican Grill, Inc*., No. 8:20-cv-02128-T-30AEP (M.D. Fla). In this case, the EEOC alleged that Chipotle violated Title VII of the Civil Rights Act of 1964, by subjecting a female employee to a sexually hostile work environment, or sexual harassment. The EEOC also alleged that Chipotle retaliated against her. As a result of the lawsuit, Chipotle is required to display this notice.

Title VII protects individuals from employment discrimination because of their sex. Sex harassment is sex discrimination under Title VII. Additionally, Title VII protects employees from retaliation for making charges, testifying, assisting, or participating in enforcement proceedings. Chipotle will not condone employment discrimination of any kind.  **It is the policy of Chipotle to provide an environment free of sexual harassment and offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability.** Chipotle does not tolerate discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA); Genetic Information Nondiscrimination Act of 2008 (GINA); or the Equal Pay Act (EPA) of 1963, or the Americans with Disabilities Act (ADA), as amended.

Chipotle assures employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Chipotle's policy prohibiting sex harassment, sex discrimination, and retaliation.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at **(800) 669-4000**. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Robert E. Weisberg, Regional Attorney, Re: Chipotle Consent Decree at U.S. Equal Employment Opportunity Commission 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and mdoconsentdecreecompliance@eeoc.gov.

Date:_____                         _____
                                             Chief Restaurant Officer, Chipotle Mexican Grill